IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**TODD ANTHONY ANDRADE,**

Petitioner,

**v.**

**S. FRAUENHEIM, Warden,**

Respondent.

Case No. 1:16-cv-01701 DAD MJS (HC)

**SUPPLIMENTAL FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**The Court hereby withdraws the Findings and Recommendation issued on November 15, 2016 (ECF No. 5.) and replaces it with this Supplemental Findings and Recommendation.**

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

In the petition filed on November 9, 2016, Petitioner challenges an April 15, 2005 conviction in the Superior Court of California, County of Madera for assault with a deadly weapon on a peace officer, evading a peace officer, and other charges. (Pet., ECF No. 1.) Petitioner was sentenced to an indeterminate state prison term of fifty six (56) years

1    to life. (Id.)

2          On November 15, 2016, the court filed findings and a recommendation to dismiss

3    the petition as successive in light of Petitioner's two prior federal habeas petitions

4    challenging his convictions. On December 7, 2016, Petitioner filed objections to the

5    findings and recommendation noting that the instant petition challenges the denial of his

6    motion to recall his sentence and have it reduced under the Three Strikes Reform Act of

7    2012, California Penal Code § 1170.126.[1]

8          A review of the petition indicates that Petitioner challenges both his underlying

9    conviction and the denial of his motion to recall his sentence. Unfortunately, Petitioner

10   has not raised cognizable claims with regard to claim seeking relief from the denial of the

11   motion for recall. As described below, the Court finds Petitioner's claims – challenging

12   both his underlying conviction and his motion to recall his sentence – are both subject to

13   dismissal.

14   **I.    Discussion**

15       **A.    Procedural Grounds for Summary Dismissal**

16         Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

17         If it plainly appears from the petition and any attached exhibits that the
     petitioner is not entitled to relief in the district court, the judge must dismiss
18         the petition and direct the clerk to notify the petitioner.

19         The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

20   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

21   respondent's motion to dismiss, or after an answer to the petition has been filed. A

22   petition for habeas corpus should not be dismissed without leave to amend unless it

23   appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis

24   v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

25                  [1] Section 1170.126 "created a postconviction release proceeding whereby a prisoner who
26   is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime
     that is not a serious or violent felony and who is not disqualified, may have his or her sentence
27   recalled and be sentenced as a second strike offender unless the court determines that
     resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood,
28   213 Cal. App. 4th 161, 168, 151 Cal. Rptr. 3d 901 (2013).

1

**B.    The Three Strikes Reform Act**

2     Petitioner's first claim challenges the denial of his motion to recall his sentence

3   under the Three Strikes Reform Act. Petitioner's claim is not cognizable under federal

4   habeas corpus. Federal habeas relief is available only to state prisoners who are "in

5   custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

6   §§ 2241(c)(3), 2254(a). "In conducting habeas review, a federal court is limited to

7   deciding whether a conviction violated the Constitution, laws, or treaties of the United

8   States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991);

9   see also Swarthout v. Cooke, 562 U.S. 216, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732

10   (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does

11   not lie for errors of state law.").

12     Generally, a challenge to a state court's application of state sentencing laws does

13   not give rise to a federal question cognizable on federal habeas review. See Lewis v.

14   Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990); Miller v. Vasquez,

15   868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding claim that offense did not constitute a

16   "serious felony" was not cognizable on federal habeas review because it "is a question

17   of state sentencing law"). To state a cognizable federal habeas claim based on a

18   claimed state sentencing error, a petitioner must show that the error was "so arbitrary or

19   capricious as to constitute an independent due process" violation. Richmond v. Lewis,

20   506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).

21     Petitioner has failed to cite to anything in the record or elsewhere to demonstrate

22   there was anything arbitrary or capricious in the state courts' finding that Petitioner's

23   conviction for assault with a deadly weapon on a peace officer and evading a peace

24   officer rendered his Three Strikes sentence ineligible for recall. Petitioner has not

25   provided any federal grounds in the petition and relies solely on California legislation and

26   case law.

27     To the extent that Petitioner were to argue that the Reform Act violates principles

28   set forth under Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct.

1  2348 (2000), such claims would fail. Under, <u>Apprendi</u> a sentencing court's finding of

2  priors based on the record of conviction implicates the Sixth Amendment. 530 U.S. 466,

3  120 S. Ct. 2348, 147 L. Ed. 2d 435. Unlike a conviction, the Three Strikes Reform Act is

4  an ameliorative provision, and can only decrease a petitioner's sentence. This Court

5  agrees with the holdings of California courts finding the <u>Apprendi</u> doctrine inapplicable to

6  the Three Strikes Reform Act. <u>See e.g.</u>, <u>People v. Superior Court (Kaulick)</u>, 215

7  Cal.App.4th 1279, 1303-05, 155 Cal. Rptr. 3d 856 (2013). Petitioner has not presented a

8  federal basis for relief with regard to his Three Strikes Reform Act proceeding.

9      Accordingly, the petition should be summarily dismissed for failure to state a

10 cognizable federal habeas claim. A petition for habeas corpus should not be dismissed

11 without leave to amend unless it appears that no tenable claim for relief can be pleaded

12 were such leave granted. <u>Jarvis</u>, 440 F.2d at 14. Here, the Court concludes that it would

13 be futile to grant Petitioner leave to amend his first claim, and recommends the claim be

14 dismissed.

15      **C.    Successive Petitions**

16      Petitioner's second and third claims of his petition seek relief from his conviction.

17 (Pet. at 7-8.) Petitioner asserts that he was not able to present photos or witnesses at

18 trial that were favorable to his defense. (<u>Id.</u>) However, a review of the Court's dockets

19 and files shows Petitioner has previously sought habeas relief with respect to this

20 conviction. In case number 1:07-cv-00784-ALA, Petitioner challenged the same

21 underlying conviction. On January 6, 2009, the petition was denied on the merits.

22 Petitioner filed a second petition on March 1, 2012 in case number 1:12-cv-00305 AWI

23 MJS challenging the same conviction. The petition was denied as successive on August

24 9, 2012.

25      A court must dismiss a second or successive petition that raises the same

26 grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second

27 or successive petition raising a new ground unless the petitioner can show that 1) the

28 claim rests on a new constitutional right, made retroactive by the United States Supreme

1   Court or 2) the factual basis of the claim was not previously discoverable through due

2   diligence, and these new facts establish by clear and convincing evidence that but for

3   the constitutional error, no reasonable factfinder would have found the applicant guilty of

4   the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court

5   that decides whether a second or successive petition meets these requirements; the

6   Petitioner must first file a motion with the appropriate court of appeals to be authorized to

7   file a second or successive petition with the district court.

8        Section 2244 (b)(3)(A) provides: "Before a second or successive application

9   permitted by this section is filed in the district court, the applicant shall move in the

10   appropriate court of appeals for an order authorizing the district court to consider the

11   application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

12   can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.

13   651, 656-657 (1996). This Court must dismiss any second or successive petition unless

14   the Court of Appeals has given Petitioner leave to file the petition because a district court

15   lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v.

16   Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

17        Because the current petition was filed after April 24, 1996, the provisions of the

18   Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

19   petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

20   he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

21   the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

22   renewed application for relief under Section 2254 and must dismiss the petition. See

23   Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for

24   writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28

25   U.S.C. § 2244(b)(3).

26   **II.**    **Order and Recommendation**

27        The Court RECOMMENDS that the petition for writ of habeas corpus be

28   DISMISSED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   December 11, 2016         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE